## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: B.B.

No. 16-0130 (Kanawha County 15-JA-229)


## MEMORANDUM DECISION

Petitioner Father D.B., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's January 12, 2016, order terminating his parental rights to seven-year-old B.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating him as an abusive parent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against petitioner and B.B.'s mother. As to petitioner, the DHHR alleged that he committed acts of domestic violence in front of B.B. in that he threw her mother, B.S.; slung B.S. on the couch; kicked and punched B.S.; strangled B.S. around the neck; and kicked the family dog. The DHHR also alleged that petitioner punched B.B., drug her around by her neck, discharged a BB gun at her, and tied her to a door where he hit her with a belt. Finally, the DHHR alleged that petitioner snorted pills.

The circuit court held a series of adjudicatory hearings on October 2, 2015, and October 5, 2015, during which it heard testimony from multiple witnesses. However, prior to the presentation of evidence on October 5, 2015, petitioner tested positive for amphetamines. Thereafter, the DHHR presented the testimony of several individuals that corroborated the conditions of abuse and neglect as alleged in the petition. Two of B.B.'s teachers testified that she missed thirty days of school and further described an incident in which B.B. disclosed that petitioner abused the family dog during an altercation with B.S. and threw B.B. to the floor. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

child advocacy center coordinator testified that B.B. disclosed multiple instances of domestic violence wherein petitioner physically abused B.S. and the family dog. According to the coordinator, B.B. also disclosed that petitioner tied her hands to a door knob and whipped her with a belt. Finally, according to the coordinator, B.B. observed petitioner crush up pills and snort them up his nose. Petitioner testified on his behalf and generally denied all of the allegations of abuse and neglect. By order entered on October 16, 2015, the circuit court found that petitioner was an abusing parent and that the child was abused and neglected.

On November 19, 2015, the circuit court held a dispositional hearing and considered petitioner's motion for a post-adjudicatory improvement period. The circuit court denied this motion upon a finding that petitioner failed to prove that he would substantially comply with the terms and conditions of an improvement period. By order entered January 12, 2016, the circuit court also terminated petitioner's parental rights upon a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. In support of this finding the circuit court determined that petitioner failed to maintain contact with the DHHR, failed/refused to participate in services, and continued to use illegal drugs. The circuit court granted petitioner post-termination visitation with B.B. to be determined by her legal guardians and conditioned upon his sobriety. This appeal follows.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that he abused and/or neglected his child. While petitioner argues that the testimony was insufficient to substantiate the allegations against him and that he refuted all of the allegations, he ignores the substantial testimony that vividly describes the abuse and neglect. As noted in our standard of review above, we "must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." *Id*. Further, we have long held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (*citing* Syl. pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see*

*also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). In this case, the circuit court heard testimony from two of B.B.'s teachers who testified that B.B. missed thirty days of school and that petitioner abused the family dog and B.B. during an altercation with B.S. The circuit court also heard testimony from the child advocacy center coordinator that B.B. described the domestic violence in the home wherein petitioner choked B.S. and kicked the family dog during an altercation. The coordinator also testified that B.B. disclosed that petitioner tied her to a door knob and whipped her with a belt, and crushed up pills and snorted them up his nose. Finally, petitioner's illegal drug use was corroborated when he tested positive for amphetamines prior to the taking of evidence at the October 5, 2015, adjudicatory hearing. This evidence was clearly sufficient to establish a finding of abuse, and the circuit court was uniquely situated to determine which version of events was credible. Based on the record presented, we find no merit to petitioner's assignment of error.

For the foregoing reasons, the circuit court's January 12, 2016, order terminating petitioner's parental rights to the child is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II